James A. **WILLOTT**, Petitioner–
Appellant,

v.

A.K. **SCRIBNER**, Warden,
Respondent–Appellee.

No. 04–16812.

D.C. No. CV–03–01550–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suit-

James A. Willott, Corcoran, CA, pro se.

Patrick J. Whalen, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

## MEMORANDUM **

James A. Willott, a California state prisoner, appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition challenging his state conviction for first degree burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Appellant contends that the trial court improperly denied his right to present a necessity defense. A review of the record, however, demonstrates that appellant did not request such a defense.

Appellant also contends that the trial court improperly denied his request to sanitize appellant's prior burglary conviction at trial, however, a review of the record demonstrates that appellant did not request sanitization, and further, that the trial court, without objection, ruled that his prior burglary conviction could be properly admitted under California evidence law.

Appellant further contends that the trial court violated his due process rights when it allowed the jury to see him in restraints, however, appellant fails to demonstrate any inherent or actual prejudice. *See Ghent v. Woodford,* 279 F.3d 1121, 1132–33 (9th Cir.2002) (concluding that jurors' brief and accidental glimpse of a defendant in handcuffs during transport was not prejudicial and did not warrant federal habeas relief).

Appellant also contends that the trial court gave an erroneous jury instruction regarding burglary, however, federal

courts of this circuit except as provided by 9th Cir. R. 36–3.

habeas relief does not lie for alleged state law errors. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Finally, appellant contends that he is entitled to habeas relief based on cumulative error, however, he has failed to demonstrate any error.

We conclude that the California Court of Appeal's decision was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

AFFIRMED.[1]

---

1. Willott seeks to expand the certificate of appealability ("COA") to include a request for an evidentiary hearing. We decline to expand the COA because Willott fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).